IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07- 16-GMS |
| | ) | |
| BRITTNEY LAUREN WARREN | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Brittney Lauren Warren, by and through her attorney, Cathy Ann Jenkins, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Brittney Lauren Warren, agrees to plead guilty to Count I of the Indictment charging her with theft of mail in violation of Title 18, United States Code, Section 1709, which carries a maximum penalty of 5 years imprisonment, a $250,000 fine, 3 years supervised release, a $100 special assessment, and restitution.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) the defendant was an employee of the United States Postal Service; (b) that at the time she was a Postal Service employee, the mail matter referred to in the Indictment was entrusted to her possession with the intent to be conveyed by mail; and (c) that the defendant knowingly stole the mail matter.

3.	Defendant agrees that, for purposes of sentencing at Count I, all the stolen checks alleged in Counts I through XXVII of the Indictment should be considered by the District Court as relevant conduct at the time of sentencing. See U.S.S.G. § 2B1.1. In accordance with this agreement, the defendant knowingly, voluntarily, and intelligently admits the following facts: (a) she was an employee of the United States Postal Service; (b) between on or about April 25, 2006, through on or about August 15, 2006, while she was employed by the United States Postal Service, the checks referred to in the Indictment were entrusted to her for delivery; (c) she knowingly stole the checks; and (d) the total value of the checks she stole was $7,562.00.

4.	Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States stipulates that the defendant is entitled to a two-level reduction in her guidelines offense level under USSG §3E1.1(a) based on the defendant's conduct to date.

5.	Prior to sentencing, the defendant agrees to make full restitution payments in the amount of $7,562.00.

6.	The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant

expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should she fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                COLM F. CONNOLLY
                                United States Attorney

_____    BY:  _____
Brittney Lauren Warren                   Robert F. Kravetz
Defendant                                Assistant United States Attorney

_____
Cathy Ann Jenkins
Attorney for Defendant


Dated: July 30, 2007

        **AND NOW,** this 30th day of July, 2007, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (~~rejected~~) by this Court.

                                            _____
                                            Hon. Gregory M. Sleet
                                            Chief United States District Court Judge

**FILED**

JUL 30 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE